**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy D. LaPointe,        ) | No. 04-CV-1218-PHX-FJM |
|                      Plaintiff,        ) | **ORDER** |
| vs.                                    ) | |
| Dora Schriro, et al.,              ) | |
|                      Defendants.   ) | |

In our order filed June 14, 2005 (doc. 23), we granted defendants' motion to dismiss. More than three months later, plaintiff filed a "Motion for Court to Reconsider and Correct Judgment Order of June 14, 2005" (doc. 25), which we have before us.

This motion appears to be a motion for reconsideration. A motion for reconsideration must be filed within 10 days of the filing of the order subject to the motion. LRCiv 7.2(g). To the extent plaintiff's motion is a motion for reconsideration, it is untimely and is accordingly denied.

The motion could also be interpreted as a Rule 60(b)(3), Fed. R. Civ. P., motion for relief from the order and judgment due to fraud, misrepresentation, or other misconduct of an adverse party. Plaintiff contends that defendants' motion to dismiss is "deceitful," "misleading," and that it "clearly perjures Defendants['] own witness." Plaintiff's Motion at 2-3. Following our order, in an apparent attempt to exhaust his administrative remedies, plaintiff submitted three new grievances with regard to the issues underlying his complaint.

1  CO III Focht responded to the grievances, stating (1) that the issues were raised in previous
2  grievances and (2) that plaintiff has an active lawsuit with regard to these issues. <u>Plaintiff's</u>
3  <u>Motion</u>, Attachment A. Plaintiff contends that Focht's response shows defendants' earlier
4  deceit. Plaintiff interprets Focht's statement as an admission that he exhausted his
5  administrative remedies, and therefore argues that it contradicts the defendants' earlier
6  arguments. We disagree. Focht's statement does not mean that plaintiff exhausted his
7  administrative remedies, but rather that plaintiff's complaint was addressed in an earlier
8  grievance. Moreover, while Focht was incorrect that the lawsuit was still active–judgment
9  had been issued the previous month–that is not evidence of fraud, misrepresentation, or other
10  misconduct by the defendants in this action. Therefore, to the extent plaintiff's motion is a
11  motion for relief from the earlier judgment and order, it is denied.

12  Accordingly, **IT IS ORDERED DENYING** plaintiff's motion (doc. 25).

13  DATED this 5th day of May, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge